Filed 1/12/24  In re A.E. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re A.E., a Person Coming Under the Juvenile Court Law. | B328191 (Los Angeles County Super. Ct. No. 21CCJP02676) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>A.T.,<br><br>        Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ashley Price, Judge Pro Tempore.  Affirmed.

Jamie A. Moran, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Stephen Watson, Deputy County Counsel, for Plaintiff and Respondent.

—————————————————————

## I.   INTRODUCTION

A.T. (father) appeals from an order terminating parental rights over his two-year old daughter A.E. (child) pursuant to Welfare and Institutions Code[1] section 366.26 and an order denying his section 388 petition.  Father contends the juvenile court erred by denying his petition requesting reunification services.  We affirm.

The parties are familiar with the facts and procedural history, and our opinion does not meet the criteria for publication.  (Cal. Rules of Court, rule 8.1105(c).)  We therefore resolve this appeal by memorandum opinion pursuant to Standard 8.1 of the Standards of Judicial Administration and consistent with constitutional principles (Cal. Const., art. VI, § 14 ["Decisions of the Supreme Court and courts of appeal that determine causes shall be in writing with reasons stated"]; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1263, fn. omitted [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments.  [Citation.]  In order to state the

_____

[1]    Further statutory references are to the Welfare and Institutions Code.

2

reasons, grounds, or principles upon which a decision is based, [an appellate court] need not discuss every case or fact raised by counsel in support of the parties' positions"].)

## II.    DISCUSSION

Father contends the juvenile court erred by denying his section 388 petition requesting reunification services, after the juvenile court had previously denied him services.

"Section 388 provides for modification of juvenile court orders when the moving party presents new evidence or a change of circumstance and demonstrates modification of the previous order is in the child's best interest.  (*In re Jasmon O.* (1994) 8 Cal.4th 398, 415; *In re Stephanie M.* (1994) 7 Cal.4th 295, 317; *In re Alayah J.* (2017) 9 Cal.App.5th 469, 478; see *In re Zacharia D.* (1993) 6 Cal.4th 435, 447 ["'[s]ection 388 provides the 'escape mechanism' that . . . must be built into the process to allow the court to consider new information'"]; Cal. Rules of Court, rule 5.570(e).)  "'The petitioner has the burden of showing by a preponderance of the evidence (1) that there is new evidence or a change of circumstances *and* (2) that the proposed modification would be in the best interests of the child." [Citation.]  "[T]he change in circumstances must be substantial.'"  (*In re J.M.* (2020) 50 Cal.App.5th 833, 845.)"  (*In re Malick T.* (2022) 73 Cal.App.5th 1109, 1122, fn. omitted.)  We review the denial of a section 388 petition for an abuse of discretion.  (*Id.* at p. 1123.)

Here, after conducting a hearing on father's petition and considering father's testimony, the juvenile court denied the petition on the grounds that it would not be in the best interest of the child to grant reunification services to father.  The record

3

demonstrates that the child was "ha[ving] a difficult time around [father]," "[did] not like to go with father and [would] 'scream and throw a fit.'" As the court observed, by the time of the hearing on father's petition, the child had bonded with the caregiver over a period of 20 months, while she had only visited with father for two months following father's release from custody. Moreover, the child was in a stable environment as she had been placed in the home of the prospective adoptive parents, the same home as three of her biological half-siblings. (See *In re J.C.* (2014) 226 Cal.App.4th 503, 527 ["after reunification efforts have terminated, the court's focus shifts from family reunification toward promoting the child's needs for permanency and stability"].) On this record, we find no abuse of discretion in the court's denial of father's petition.

## III.   DISPOSITION

The orders denying the section 388 petition and terminating parental rights are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

BAKER, J.